RANDY M. RODRIGUEZ, ESQ. (SBN310328)
LAW OFFICE OF RANDY M. RODRIGUEZ
1605 W. Olympic Blvd Suite 9014
Los Angeles, CA 90015
T (818) 568-7321 F(209) 203-1863

Attorney for Petitioner,
Jorge Luis Gutierrez Palomino

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| JORGE LUIS GUTIERREZ PALOMINO, A#246-267-814<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON, in his official capacity as Warden, Desert View Facility; JAIME RIOS, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement; David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of United States Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States<br><br>Respondents. | Case No. 26-5852<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner Jorge Luis Gutierrez Palomino, by and through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and in support thereof states as follows:

## I. INTRODUCTION

1. Petitioner is a civil immigration detainee currently confined at the Adelanto ICE Processing Center in Adelanto, California, within this district. Petitioner is a native and citizen of Peru who, on December 17, 2022, turned himself to U.S. Customs and Border Protection ("CBP") after crossing the border to seek asylum, together with his wife and his minor daughter. After processing him, the Department of Homeland Security ("DHS") released Petitioner into the United States on parole on December 18, 2022, pursuant to 8 U.S.C. § 1182(d)(5)(A).

2. For more than three and a half years, Petitioner did everything the government asked of him. He filed his asylum application with U.S. Citizenship and Immigration Services ("USCIS") within one year of his arrival. He obtained employment authorization and worked as a cook at Pasadena Villa. He attended every ICE check-in. He has no criminal record of any kind.

3. On September 21, 2026, Petitioner and his wife reported together to their scheduled ICE check-in, exactly as required. ICE allowed Petitioner's wife to go home. ICE detained Petitioner. He received no prior notice, no written notice

terminating his parole, no explanation, and no hearing of any kind. Nothing about Petitioner's circumstances had changed.

4. This case is materially indistinguishable from *Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 (C.D. Cal. Sept. 21, 2026), in which this Court granted habeas relief and ordered the immediate release of a noncitizen who, like Petitioner, had been released by immigration authorities following his entry, was never placed in removal proceedings because DHS never filed his Notice to Appear with the immigration court, and was later re-detained without notice or a pre-deprivation hearing. The Court held that the petitioner's release created a protected liberty interest in remaining out of custody, that his re-detention without notice or a pre-deprivation hearing violated procedural due process, and that only a return to the status quo could remedy that violation. *Id.* at 6–9. Petitioner's case is, if anything, stronger: his release was a formal grant of parole under 8 U.S.C. § 1182(d)(5)(A), he has a pending affirmative asylum application and work authorization, and he was taken into custody while complying with ICE's own reporting requirements.

5. Petitioner seeks his immediate release and an order prohibiting his re-detention absent notice and a pre-deprivation hearing before a neutral decision maker. In the alternative, Petitioner seeks an order compelling Respondents to provide a prompt

bond hearing before an immigration judge at which the government bears the burden of proof by clear and convincing evidence, with release to follow automatically if that deadline is not met.

## **II. JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241(c)(3), which authorizes federal courts to grant habeas relief to persons held "in custody in violation of the Constitution or laws or treaties of the United States," and under 28 U.S.C. § 1331 (federal question jurisdiction). The Court may also grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202 and the All Writs Act, 28 U.S.C. § 1651.

7. No provision of 8 U.S.C. § 1252 bars review. Petitioner challenges the lawfulness of his detention, not any decision to commence proceedings, adjudicate a case, or execute a removal order. *See Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality opinion). Moreover, no removal proceedings were pending against Petitioner when he was detained, and no order of removal exists.

8. Venue is proper in this district under 28 U.S.C. § 1391(e) and the immediate-custodian rule, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), because Petitioner is confined at the Adelanto ICE Processing Center, located in San

Bernardino County within the Eastern Division of the Central District of California.

## III. PARTIES

9. Petitioner Jorge Luis Gutierrez Palomino (A# 246-267-814) is a native and citizen of Peru. He is currently detained at the Adelanto ICE Processing Center, located at 10400 Rancho Road, Adelanto, CA 92301.

10. Respondent Joshua Johnson is the Warden of the Desert View Facility at the Adelanto ICE Processing Center and is Petitioner's immediate custodian. He is sued in his official capacity.

11. Respondent Jaime Rios is the Acting Field Office Director for the Los Angeles Area of Responsibility, U.S. Immigration and Customs Enforcement ("ICE"), and is responsible for Petitioner's continued detention. He is sued in his official capacity.

12. Respondent David J. Venturella is the Acting Director of ICE and is sued in his official capacity. ICE is responsible for the detention of Petitioner.

13. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity.

14. Respondent Todd Blanche is the Attorney General of the United States and is sued in his official capacity.

## IV. STATEMENT OF FACTS

15. Petitioner is a native and citizen of Peru. He came to the United States to seek asylum together with his wife, Amparo Ramirez Cobos, and their minor daughter, O.O.R., who is now fifteen years old.[1]

16. On December 17, 2022, Petitioner and his family presented themselves to CBP at the San Luis, Arizona port of entry and requested asylum. Petitioner did not attempt to evade inspection.

17. On December 18, 2022, DHS paroled Petitioner into the United States pursuant to Section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A). *See Exhibit 1*. DHS's regulations authorize parole only for noncitizens who "present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b).

18. At the time of his release, Petitioner was told that he would be served with a Notice to Appear and receive a date to appear before the immigration court. No Notice to Appear was ever served on Petitioner or, on information and belief, filed

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), Petitioner's minor daughter is identified by her initials only.

with the immigration court during the more than three and a half years that followed. Before his detention, Petitioner had never been placed in removal proceedings under 8 U.S.C. § 1229a, had never appeared before an immigration judge, and has never been ordered removed.

19. Petitioner did not waste time. In December 2023, within one year of his arrival, Petitioner filed an affirmative application for asylum with USCIS, as required by 8 U.S.C. § 1158(a)(2)(B). That application remains pending. *See Exhibit 2.*

20. Petitioner obtained employment authorization and was lawfully employed as a cook at Pasadena Villa until his detention.

21. Petitioner complied with every ICE check-in, in the hope that he would finally be referred to the immigration court so that his case could proceed. He never missed a check-in.

22. Petitioner has no criminal record. He has never been arrested, charged with, or convicted of any offense in the United States or in any other country.

23. On September 21, 2026, Petitioner and his wife appeared together at their scheduled ICE check-in at the ICE Los Angeles Field Office, 300 N. Los Angeles Street, Los Angeles, California 90012. ICE permitted Petitioner's wife to leave and return home. ICE detained Petitioner. On information and belief, Petitioner

received no advance notice that ICE intended to detain him, no written notice terminating his parole, no statement of reasons for his detention, and no opportunity to be heard before he was taken into custody. Nothing had changed in Petitioner's circumstances: he had not been arrested, had not violated any condition of his release, and had not failed to appear for anything. *See Exhibit 3*.

24. Only after detaining Petitioner did DHS serve him with a Notice to Appear—more than three and a half years after he was first told one would be issued. *See Exhibit 3*.

25. Petitioner was transported to and is currently confined at the Adelanto ICE Processing Center. His wife and fifteen-year-old daughter remain at the family's home in Los Angeles, California and have been served NTAs. Their matter is pending before the N. Los Angeles Immigration Court and they have a hearing set for October 21, 2026 at 1:00 p.m. with IJ Ruane. DHS could have easily NTA'd and set Petitioner with a hearing before IJ Ruane as well. Each day of detention separates Petitioner from his family and deprives the household of his income.

## V. ARGUMENT

### *A. Petitioner's Re-Detention Without Notice or a Pre-Deprivation Hearing Violates the Due Process Clause*

26. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful,

unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "[T]he government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Courts evaluate procedural due process challenges to immigration detention under the three-factor test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

27. Once Petitioner was released from custody, he acquired "a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The government's decision to release an individual "creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi*, 792 F. Supp. 3d at 1032 (internal quotation marks omitted). In *Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12, this Court applied these principles to a petitioner who was merely released on his own recognizance after entry. *Id.* at 6. Petitioner's liberty interest here rests on an affirmative grant of parole under 8 U.S.C. § 1182(d)(5)(A), reinforced by more than three and a half years of compliance, a pending asylum application, employment authorization, and continuous ICE supervision under which he reported as directed.

28. Petitioner's release on parole also necessarily reflects DHS's own determination that he posed neither a danger nor a risk of flight. *See* 8 C.F.R. § 212.5(b); *Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 at 6 n.1 (citing *Fernandez Lopez v. Wofford*, 2025 WL 2959319, at *2 (E.D. Cal. Oct. 17, 2025)).

29. Under the first *Mathews* factor, Petitioner's private interest is the most fundamental one: "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner's detention separates him from his wife and fifteen-year-old daughter and from the employment that supports them.

30. Under the second *Mathews* factor, the risk of erroneous deprivation is high because Petitioner received no process at all. Every relevant fact weighs against detention: Petitioner has no criminal record, attended every ICE check-in, voluntarily appeared at the very check-in at which he was detained, and has a pending asylum application. Indeed, ICE released Petitioner's wife, who appeared at the same check-in in the same circumstances, while detaining Petitioner—underscoring the absence of any individualized determination. A pre-deprivation hearing before a neutral decisionmaker would have substantial value in preventing

exactly this kind of arbitrary deprivation. *See Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 at 9 n.2.

31. Under the third *Mathews* factor, the government's interest in detaining Petitioner without a pre-deprivation hearing is minimal, because a bond hearing "is routine and can be easily provided." *See Carballo v. Andrews*, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025). The government cannot credibly claim an urgent need to detain, without a hearing, a man who walked into an ICE office voluntarily to comply with his reporting obligations.

32. On balance, the *Mathews* factors establish that Petitioner's re-detention without notice or a pre-deprivation hearing violated his procedural due process rights. *See Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 at 7; *Mourey v. Bowen*, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in *Mathews*, Petitioner should have been afforded a pre-detention hearing."), *report and recommendation adopted*, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026); *Fernandez Lopez*, 2025 WL 2959319, at *6 ("On balance, the *Mathews* factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained."); *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1148 (D. Nev. 2025) ("Where, as here, a noncitizen is detained after having been

ordered released, without any process provided by the Government for challenging his continued detention, detention becomes arbitrary and violates due process.”).

33. Petitioner’s detention also violates substantive due process. Civil immigration detention is permissible only where it bears a reasonable relation to its purposes of ensuring appearance and protecting the community. *See Zadvydas*, 533 U.S. at 690. Neither purpose is served by detaining a parolee with no criminal history who has complied with every reporting requirement for more than three years, particularly where ICE released his similarly situated wife the same day.

***B. Respondents Did Not Lawfully Terminate Petitioner’s Parole***

34. The parole statute provides that a parolee is returned to custody only when the purposes of parole “have been served” in the opinion of the Secretary. 8 U.S.C. § 1182(d)(5)(A). DHS’s implementing regulation requires that, when parole is terminated on that basis, termination be effected “upon written notice to the alien.” 8 C.F.R. § 212.5(e)(2)(i). Agencies are bound to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954).

35. On information and belief, Respondents made no determination that the purposes of Petitioner’s parole had been served and provided Petitioner no written notice terminating his parole before detaining him. Respondents’ failure to comply

with the statute and their own regulation independently renders Petitioner's detention unlawful.

***C. Respondents Lack a Valid Statutory Basis for Petitioner's Detention, and No Asserted Statutory Authority Can Cure the Due Process Violation***

36. When ICE detained Petitioner, no removal proceedings were pending against him. Section 1225(b)(2)(A) provides for detention "for a proceeding under section 1229a," and Section 1226(a) authorizes arrest and detention "pending a decision on whether the alien is to be removed." Respondents served Petitioner with a Notice to Appear only after taking him into custody. A charging document served after the arrest cannot supply the statutory basis for the arrest itself, and Respondents may not detain first and initiate proceedings afterward to justify that detention.

37. To the extent Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), Petitioner was apprehended in the interior of the United States, at an ICE office, after residing here for more than three and a half years—not while seeking entry at the border. *See Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026). To the extent Respondents rely on Board of Immigration Appeals decisions such as *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), or *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025), those decisions do not bind this Court's interpretation of the statute. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024).

38. In any event, this Court need not resolve the statutory question to grant relief. As in *Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12, the constitutional violation lies in Respondents' revocation of Petitioner's liberty without notice or a pre-deprivation hearing. No statutory classification asserted after the fact can retroactively supply the process that the Due Process Clause required before Petitioner was taken into custody.

***D. Exhaustion of Administrative Remedies Is Not Required and Should Be Excused***

39. There is no statutory exhaustion requirement for habeas petitions under 28 U.S.C. § 2241. Any exhaustion requirement is prudential and may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, or irreparable injury would result. *Laing v. Ashcroft*, 370 F.3d 994, 998, 1000 (9th Cir. 2004).

40. Each of those circumstances is present. First, under current Board precedent, immigration judges treat applicants for admission—including parolees whose parole DHS deems terminated—as ineligible for bond. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *Matter of Q. Li*, 29 I. & N. Dec. 66. Requiring Petitioner to seek a bond hearing would therefore be futile. Second, the administrative process cannot remedy the violation. A post-deprivation bond hearing "cannot serve as an adequate procedural safeguard because it is after the

fact and cannot prevent an erroneous deprivation of liberty." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *see Domingo v. Kaiser*, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025). Third, each day of unconstitutional detention inflicts irreparable injury that cannot be undone.

41. This Court granted relief in *Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12, even though the petitioner there had the ability to request a custody redetermination hearing. *Id.* at 3, 8. The same result is warranted here.

### *E. Immediate Release, With Protection Against Re-Detention Absent Due Process, Is the Appropriate Remedy*

42. Because Petitioner's re-detention violated due process, "Petitioner's release is necessary to return him to the status quo." *Nazarian v. Noem*, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). Here, that is Petitioner's release on parole, subject to ICE reporting, before September 21, 2026. *See Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 at 7; *Esmail v. Noem*, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025).

43. A growing number of courts in this district have concluded that a post-hoc bond hearing cannot support continued detention where the underlying re-detention

violated due process. *See Orellana Rivera v. J. Johnson*, 2026 WL 1390433, at *1 & n.2 (C.D. Cal. May 14, 2026) (collecting cases). Only release can restore the status quo.

44. Petitioner further requests a limited permanent injunction barring Respondents from re-detaining him without at least seven days' notice and a pre-deprivation hearing before an immigration judge at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his appearance and the safety of the community. Each *eBay* factor is satisfied: Petitioner has suffered irreparable injury through unconstitutional detention; damages cannot remedy that injury; and the balance of hardships and the public interest favor requiring basic due process before any future re-detention. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 at 9–11; *Mourey*, 2026 WL 467567, at *6; *Huy Cu v. Marin*, 2026 WL 1427009, at *1–3 (C.D. Cal. May 21, 2026); *Araujo-Contreras v. Janecka*, 2026 WL 1625368, at *1–4 (C.D. Cal. June 3, 2026).

45. In the alternative only, should the Court decline to order immediate release, Petitioner requests a conditional writ ordering his release unless Respondents

provide him an individualized bond hearing before an immigration judge within seven (7) days of this Court's order, at which Respondents bear the burden of justifying continued detention by clear and convincing evidence. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

46. Petitioner is neither a flight risk nor a danger to the community. He has no criminal record. He presented himself to CBP upon arrival, was paroled by DHS, timely filed for asylum, obtained work authorization, maintained employment, and attended every ICE check-in—including the one at which he was detained. His wife and fifteen-year-old daughter live in Los Angeles, CA and he will return to his family and his employment upon release.

### *F. Attorneys' Fees and Costs*

47. Petitioner requests an award of reasonable attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and will submit an application within thirty days of final judgment. *See Lopez Martinez v. Johnson*, No. 5:26-cv-04951-AJR, Dkt. 12 at 11.

## VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Order Respondents to show cause why the writ should not be granted, within three days pursuant to 28 U.S.C. § 2243;

C. Declare that Respondents' re-detention of Petitioner without notice or a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment;

D. Order Respondents to immediately release Petitioner from custody, subject only to the conditions of his parole or release in effect prior to September 21, 2026, and to return any confiscated property and documents upon release;

E. Enjoin Respondents from re-detaining Petitioner without providing at least seven (7) days' notice and a pre-deprivation hearing before an immigration judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his appearance and the safety of the community;

F. In the alternative only, order Respondents to provide Petitioner an individualized bond hearing before an immigration judge within seven (7) days, at which Respondents bear the burden of proof by clear and convincing evidence, with release to follow automatically if that deadline is not met;

G. Order that Respondents not transfer Petitioner outside the Central District of California while this Petition is pending;

H. Order Respondents to file a notice of compliance within three (3) days of the Court's order;

I. Award Petitioner his costs and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and as otherwise permitted by law; and

J. Grant such other and further relief as this Court deems just and proper.

Dated: October 4, 2026

Randy M. Rodriguez, Esq.
Attorney for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Jorge Luis Gutierrez Palomino, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 4th day of October, 2026.

Randy M. Rodriguez, Esq.
Attorney for Petitioner