UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05852-BFM **Date:** October 14, 2026

**Title:** *Jorge Luis Gutierrez Palomino v. Joshua Johnson, et al.*

===========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Jorge Luis Gutierrez Palomino filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 4, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center. (Pet. ¶ 1.) He entered the United States at the San Luis, Arizona point of entry in December 2022 turned himself in to U.S. Customs and Border Protection after crossing the border with his wife and minor daughter. (Pet. ¶¶ 1, 16.) The next day, Petitioner and his family were released on humanitarian parole. (Pet. ¶¶ 1, 17.) Following his release, Petitioner filed his asylum application within one year of his arrival, has maintained steady employment as a cook, complied with the conditions of his release, and has no criminal record. (Pet. at ¶¶ 2, 19-22.) He has strong familial ties to the community, as he lives with his wife and daughter in Los Angeles. (*See* Pet. at ¶ 25.)

On September 21, 2026, Petitioner reported to his scheduled ICE check-in with his wife, and he was detained. (Pet. ¶ 3.) ICE officers did not explain to

Petitioner why he was being detained and did not identify any violation of law or release conditions or any changed circumstance. (Pet. ¶¶ 3, 23.) Petitioner did not receive any pre-detention notice or hearing to determine whether he posed a flight risk or danger to the community. (Pet. ¶ 3.)

Petitioner filed this Petition on October 4, 2026, alleging, among other things, a violation of his procedural due process rights, and requests his immediate release. (Pet. ¶¶ 5, 26-38, 42-46.) Respondents have not appeared and have not filed an opposition within the time permitted by General Order 26-05. (*See* ECF 5.)[1] The Court thus deems the matter fully briefed and ready for decision.

## II. Analysis

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at

[1] *Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883, at *1 (C.D. Cal. Sept. 18, 2026) ("The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits."). Respondents' notice of appearance was due October 8, 2026, and its answer would have been due October 13, 2026. The Court thus presumes that this case is one in which the U.S. Attorney's Office does not intend to appear and treats the Petition as unopposed.

375 (2020) (cleaned up). The Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that his detention without pre-deprivation process violated his procedural due process rights and that the proper habeas remedy is an order of release. (Pet. ¶¶ 5, 26-38, 42-46.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. *See, e.g.*, *Mazurov v. Desert Annex Det. Facility*, No. 5:26-cv-02236-BFM, 2026 WL 1365164, at *2-4 (C.D. Cal. May 8, 2026).

Though Petitioner made an argument for release, Respondents did not respond to it, not even in summary form. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts

and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05852-BFM **Date:** October 14, 2026

**Title:** *Jorge Luis Gutierrez Palomino v. Joshua Johnson, et al.*

==========================================================

## III. Conclusion

Accordingly, the Petition is **granted**. Petitioner Jorge Luis Gutierrez Palomino (A# 246-267-814) is ordered immediately released on the parole conditions previously imposed.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

The Court declines to enter the specific future injunctive relief sought (Pet. at 21-22); the process provided in this case is inadequate, but the Court is not inclined to dictate the minimum procedure that would comply with due process with any level of specificity.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch